884 F.2d 579
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John M. HOLLAND; Robert W. Daughenbaugh, Jr.; Larry James;
James N. Harrison; Tina Powell; Jack Joe
Holland; Larry Joe Riggsbee,
v.
Wallace WILKINSON; Martha Layne Collins; John Y. Brown,
Jr.; Fred Cowan; John T. Wigginton; Carroll Knicely;
David Lovelace; G. Wendell Combs; Mimi C. Lewis; June
Hudson; Donald C. Haney; James H. Jones; John/Jane Doe #
1; John/Jane Doe # 2; John/Jane Doe # 3; John/Jane Doe #
4, Defendants-Appellees.
James Allen PETERS; John E. Reneer; John R. Vaughn; James
J. Corbett; Martha Elaine Rafferty; Plaintiffs-Appellants,
Lanny Miller, Plaintiff,
v.
Wallace WILKINSON, Governor; John T. Wigginton, Secretary,
Corrections Cabinet; David Lovelace, Commissioner,
Department of Economic Development; Mimi C. Lewis,
Commissioner, Department of Travel Development; Dr. Donald
C. Haney, Director, Kentucky Geological Survey; John Doe,
Executive Director, Kentucky Division of Disaster and
Emergency Services; William Seabold, Warden, Kentucky State
Penitentiary; Fred Cowan, Attorney General; Carroll
Knicely, Secretary, Commerce Cabinet; G. Wendell Combs,
Secretary, Tourism Cabinet; James H. Jones, Executive
Director, Kentucky Development Finance Authority; June
Hudson, Commissioner, Department of Parks, Defendants-Appellees.
James Allen PETERS; John R. Vaughn; James J. Corbett,
Plaintiffs-Appellants,
John E. Reneer; Martha Elaine Rafferty; Lanny Miller, Plaintiffs,
v.
Wallace WILKINSON, Governor; John T. Wigginton, Secretary,
Corrections Cabinet; David Lovelace, Commissioner,
Department of Economic Development; Mimi C. Lewis,
Commissioner, Department of Travel Development; Dr. Donald
C. Haney, Director, Kentucky Geological Survey; John Doe,
Executive Director, Kentucky Division of Disaster and
Emergency Services; William Seabold, Warden, Kentucky State
Penitentiary; Fred Cowan, Attorney General; Carroll
Knicely, Secretary, Commerce Cabinet; G. Wendell Combs,
Secretary, Tourism Cabinet; James H. Jones, Executive
Director, Kentucky Development Finance Authority; June
Hudson, Commissioner, Department of Parks, Defendants-Appellees.
 Nos. 89-5048, 89-5328 and 89-5432.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1989.
 
 Before RALPH B. GUY, Jr., BOGGS and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 In these consolidated appeals, plaintiffs, pro se Kentucky prisoners and one private citizen, appeal the district court's dismissals of their two civil rights complaints filed pursuant to 42 U.S.C. Secs. 1983, 1985 and 1986. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs (with the exception of plaintiff Rafferty who is a private citizen) are inmates confined in various Kentucky penal institutions. They sought class certification on behalf of all Kentucky prisoners as well as on behalf of the public at large which they define as all poor and uneducated persons who depend upon the state for their information. Seeking monetary, declaratory, and injunctive relief, plaintiffs filed two separate suits against various Kentucky state officials alleging they violated plaintiffs' constitutional rights by not protecting them from earthquakes. Plaintiffs contend that Kentucky will be hit with a major earthquake within the next fifty years. They complain that the defendants are not warning the citizenry of the potential for major earthquakes; defendants are not educating the public as to what to do in the event of an earthquake; and, the defendants are covering up the seriousness of the situation. In both cases, the magistrate recommended the complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that the plaintiffs lacked standing to pursue these claims. Regarding plaintiff Rafferty, the magistrate additionally found that the defendants' negligent acts could not support a cause of action under Sec. 1983. The district court adopted both reports in their entirety over plaintiffs' objections. Judge Bertelsman later granted defendants' motion to consolidate the two cases for appeal purposes. Plaintiffs in Case No. 89-5432 have appealed the order granting the consolidation. On appeal, this court consolidated the three cases and plaintiffs request the appointment of counsel.
 
 
 3
 Upon review, we deny the request for counsel and affirm the district court's judgments. Plaintiffs essentially allege that the defendants are not taking precautions for the possibility of an earthquake occurring in Kentucky within the next fifty years. An earthquake by its very nature is an act of God which may or may not happen despite scientific data to the contrary. Consequently, plaintiffs lack standing to pursue these actions because their claims are too speculative to satisfy the injury in fact requirement of article III. See O'Shea v. Littleton, 414 U.S. 488, 494 (1974). Moreover, plaintiffs have not alleged any injury peculiar to them. As such, the district court properly declined to exercise its jurisdiction over a generalized grievance that is likely shared by all citizens who happen to reside in an earthquake zone. See Warth v. Seldin, 422 U.S. 490, 499 (1975). Lastly, we find no error in Judge Bertelsman's order granting consolidation given the similarities of the cases.
 
 
 4
 Accordingly, the request for counsel is denied and the district court's judgments are hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.